PER CURIAM:
Claimants brought this action for damage to their 1993 Pontiac Grand Prix which occurred when a large tree located on respondent’s right of way fell onto their vehicle while they were traveling northbound on Route 2 in Ohio County. Route 2 is a road maintained by respondent in Ohio County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at approximately 11:30 a.m. on January 6,2005, a rainy morning. Route 2 is a three-lane road at the site of claimants’ accident. Mr. Mitchem stated that it had been raining for about three or four days *58 prior to the accident. Mr. Mitchem was driving with traffic around the vehicle when his vehicle was struck by a tree that had fallen from the hillside adjacent to Route 2. Claimants’ vehicle was struck by the falling tree on the passenger side door and trunk, causing extensive damage to the vehicle. As a result of this accident, claimants’ vehicle, which they had purchased less than one month previously for $3,000.00, was totaled. Mrs. Mitchem, who was a passenger in the vehicle, was transported by ambulance to a hospital for minor injuries. Claimants’ claimed $5,215.00 in damages as a result of this accident.
The position of the respondent was that it did not have notice of the free on Route 2 prior to claimants’ accident. Milton Davis Jr., County Administrator for respondent in Ohio County, testified that there had been many floods due to large amounts of rain during September of 2004 in this area. Mr. Davis testified that there had also been substantial rain just prior to this incident. He stated that there had been no complaints about anything falling into the road in the area of claimants’ accident prior to claimants’ accident. Respondent maintains that there was no prior notice of any trees on Route 2 immediately prior to the incident in question.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985). The general rule of this Court with regard to tree fall claims is that if a tree is dead and poses an apparent risk, then the respondent may be held liable. However, when a healthy tree falls and causes property damage as a result of a storm, the Court has held that there is insufficient evidence of negligence upon which to justify an award. Wiles vs. Division of Highways, 22 Ct. Cl. 170 (1998); Gerritsen vs. Dept. of Highways, 16 Ct. Cl. 85 (1986).
In the present claim, the Court is of the opinion that respondent had no notice that the tree at issue posed an apparent risk to the public. The evidence adduced at the hearing established at the time of the claimants’ accident there had been inclement weather throughout the county for several days and that land slides were occurring throughout the county at this time. Further, there was no evidence that respondent was made aware of a risk of a tree falling from the hillside adjacent to the northbound lane of Route 2. Consequently, there is insufficient evidence of negligence upon which to justify an award. Thus, the claimants may not make a recoveiy for their loss in this claim.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.